### DELPHOS REALTY CO., Plaintiff-Appellee, v. WILSON, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2130.  Decided June 20, 1951.

Hyers, Leyland & Patterson, R. William Patterson, of Counsel, Dayton, for plaintiff-appellee.

Frederick W. Howell, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County in which the plaintiff-appellee was granted a decree for specific performance of an agreement entered into with the defendant-appellant involving the sale of real estate.

The matter was presented to the Court on the pleadings and an agreed statement of facts. The record shows that on July 18, 1949, the Delphos Realty Company of Dayton, Ohio, plaintiff-appellee, entered into a written agreement with Charles O. Wilson, of Dayton, Ohio, defendant-appellant, whereby Charles O. Wilson agreed to sell and the Delphos Realty Company agreed to buy a certain tract of land in the City of Dayton. The agreement provided for the payment by the plaintiff of a consideration of Eight thousand seven hundred and fifty dollars ($8,750) and for the delivery of a warranty deed by the defendant, both of which provisions were complied with by the respective parties. Said written agreement further provided that: "Same to be clear and free of all encumbrances excepting taxes and assessments after June, 1949, installment." The record further shows that on the date of purchase the records of the office of the County Treasurer of Montgomery County showed that there existed upon said real estate unpaid taxes and assessments amounting to One thousand one hundred eight dollars ninety-two cents ($1,108.92).

Several years prior to the sale of the real estate the defendant, Charles O. Wilson, entered into contracts under the Thomas-Zoul Act which provided for the payment of delinquent taxes and assessments over a period of ten years as authorized by §2672-3 GC. The plaintiff made numerous demands upon the defendant for the payment of said delinquent taxes and assessments, but the defendant refused to make payment and denied he was required to make payment under the terms of the agreement.

The Court must determine whether under the written agreement the defendant was required to discharge the unpaid taxes and assessments which had accrued prior to June, 1949. The record shows that the defendant has paid all current taxes and assessments and all installments of delinquent

taxes and assessments under the Thomas-Zoul Act up to and including June, 1949. The sole question for determination is whether the defendant is obligated to pay the remaining installments of delinquent taxes and assessments under the terms of the Thomas-Zoul contracts. The defendant contends that after he entered into the Thomas-Zoul contracts under the provisions of §2672-3 GC, such delinquent taxes and assessments took on the character of current taxes and assessments and that under the agreement the grantees assumed and agreed to pay such taxes and assessments due and payable after June, 1949. The statutory provision does not support the contention of the defendant. Under the provisions of the Thomas-Zoul Act the taxpayer is not permitted to enter into a written contract with respect to the payment of taxes and assessments unless and until such taxes and assessments have become delinquent and are encumbrances upon the real estate. Sec. 2672-3 GC, in part provides:

"Upon receipt of such certificate the county auditor shall note on the tax list and duplicate, and on the delinquent tax list, in such manner as the bureau may prescribe, the fact that such undertaking has been entered into; and thereafter, **so long as such undertaking shall continue to be performed, the lands against which said delinquent taxes or assessments, penalties, interest and other charges are charged, shall not be entered on the foreclosure list,** and shall not be published as provided in §5704 GC as part of the list of delinquent lands, anything in the statutes of this state to the contrary notwithstanding." (Emphasis ours.)

Sec. 2672-6 GC, in part provides:

"In case of any default in the payments under the undertaking provided for in this act, the county treasurer shall enter on the duplicate the date and the fact of such default. Thereupon such undertaking shall be canceled of record in the office of the treasurer and a certificate of such cancellation shall be given to the county auditor, **and such officer and all other officers authorized by permanent law in this state to act in the premises, shall proceed to enforce the payment and collection of such delinquent taxes, assessments, penalties and interest, in the manner prescribed by the permanent law of the state therefor;** * * *" (Emphasis ours.)

Under the provisions of these sections the encumbrance on the real estate was not removed by the defendant entering into an undertaking to pay such delinquent taxes and assessments over a period of ten years under the Thomas-Zoul Act. Such unpaid delinquent taxes and assessments did not become current taxes and assessments. The provisions

of the statute (Thomas-Zoul Act) simply stays any further proceeding by the proper officers "authorized by permanent law in this state" to enforce the payment and collection "in the manner prescribed by the permanent law." The Thomas-Zoul Act does not supersede §5704 GC, but merely suspends its operation so long as the taxpayer does not default in the payments under the undertaking. The delinquent taxes and assessments on the property in question still remained an encumbrance and such encumbrance existed at the time the contract was entered into. Under the written agreement the defendant was obligated to discharge this encumbrance. **Vol. 11 O. Jur., pp. 932, 937.**

Finding no error in the record the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.