COLUMBUS-SUBURBAN COACH LINES, INC., ET AL., APPELLANTS, v. PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as Columbus-Suburban Coach Lines v. Pub. Util. Comm., 20 Ohio St. 2d 125.]

(No. 69-235—Decided December 17, 1969.)

*Mr. Taylor C. Burneson, Mr Donald A. Finkbeiner, Mr. Barrett Elkins, Mr James M. Burtch, Mr. Howard Gould, Mr. David Reichert* and *Mr. Stephen D. Strauss,* for appellants.

*Mr. Paul W. Brown,* attorney general, *Mr. Sheldon A. Taft* and *Mr. Gerald P. Wadkowski,* for appellee.

*Per Curiam.* The sole question raised by this appeal is whether the Public Utilities Commission of Ohio has the authority under Section 4921.02, Revised Code, to issue a certificate of public convenience and necessity to a corporation for the transportation of both persons and property, for hire, by motor-propelled vehicles, over public highways in this state by irregular routes.

Prior to 1937, the predecessor to Section 4921.02, Revised Code, Section 614-84, General Code (113 Ohio Laws 482, 485), stated:

" * * * the words 'irregular route' shall be understood to refer to that portion of the public highway over which is conducted or provided any other operation of any motor propelled vehicle by a motor transportation company."

That statute was amended in 1937 (117 Ohio Laws 349, 351) to read:

" * * * The words 'irregular route' shall be understood to refer to that portion of the public highway over which is conducted or provided any other operation of any motor vehicle by a motor transportation company *transporting property.*" (Emphasis added.)

Since 1937, the plain and unambiguous statutory language has declared that only property may be transported over an irregular route.

Appellee argues that the applicant in this case is a motor transportation company subject to its jurisdiction and that its findings thereon are not manifestly against the weight of the evidence. Appellee suggests that, although the significance of the 1937 amendment to the statutory definition of "irregular route" cannot be easily explained, the amendment should not be construed as restricting its authority, under Chapter 4921, Revised Code, to issue a certificate of public convenience and necessity to this applicant.

An examination of the legislative history of Section 4921.02, Revised Code, reveals that the amendment to the definition of "irregular route" must be considered a limi-

tation and restriction, imposed by the General Assembly, on the jurisdiction and power of the appellee. Prior to the amendment of 1937, the definition of "irregular route" applied to an operation involving the transportation of both persons and property. The addition of "transporting persons and property" to the definition of "irregular route" would have been superfluous. Thus, because the General Assembly acted in 1937 to amend the definition so as to expressly mention property, the rational conclusion is that the General Assembly intended to exclude the transportation of persons by irregular routes. See *State, ex rel. Boda, v. Brown* (1952), 157 Ohio St. 368, 105 N. E. 2d 83.

Appellee argues that such a construction and holding would necessarily mean that the General Assembly intended to hand over to "regular route" passenger-carriers the monopoly of irregular route passenger carriage and that it intended to deny valuable transportation service between many rural areas of Ohio. If such is the result, it is a problem that the General Assembly must consider. This court, in construing Section 4921.02, Revised Code, must assume that the words "transporting property" were inserted therein for a specific purpose. See *State, ex rel. Camean, v. Board of Ed.* (1960), 170 Ohio St. 415, 165 N. E. 2d 918. In determining legislative intent it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used.

The appellee, by granting the application of Executive Motor Livery, Inc., to transport both property and persons over irregular routes, disregarded the statutory limitations and restrictions imposed by the General Assembly upon its authority to issue a certificate of public convenience and necessity. Appellee's order granting that application is, therefore, unlawful and is reversed.

*Order reversed.*

MATTHIAS, acting Chief Justice, KERNS, O'NEILL, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

SCHNEIDER, J., dissents.

KERNS, J., of the Second Appellate District, sitting for TAFT, C. J.