**VILLAGE OF KIRTLAND HILLS, Appellee,**

v.

**GARCIA, Appellant.**

[Cite as *Kirtland Hills v. Garcia* (1994), 96 Ohio App.3d 99.]

Court of Appeals of Ohio,
Lake County.

No. 93–L–111.

Decided July 5, 1994.

*Richard L. Collins,* for appellee.

*Thomas Grist,* for appellant.

---

JOSEPH E. MAHONEY, Judge.

On June 6, 1992, at approximately 8:15 p.m., appellant, Bernardo Garcia, was observed by a village of Kirtland Hills police officer flashing his headlights off and on again as he traveled eastbound on Chillicothe Road. Appellant was stopped and cited for violating Kirtland Hills Codified Ordinance 337.16(c), which provides:

"337.16 NUMBER OF LIGHTS; LIMITATIONS ON FLASHING, OSCILLATING OR ROTATING LIGHTS.

" * * *

"(c) Flashing lights are prohibited on motor vehicles, except as a means for indicating a right or a left turn, or in the presence of a vehicular traffic hazard requiring unusual care in approaching, or overtaking or passing. This prohibition does not apply to emergency vehicles, road service vehicles servicing or towing a disabled vehicle, traffic line stripers, snow plows, rural mail delivery vehicles, vehicles transporting preschool children as provided in Ohio R.C. 4513.182, Ohio Department of Transportation maintenance vehicles, funeral hearses, funeral escort vehicles and similar equipment operated by the Department or local authorities, which shall be equipped with and display, when used on a street or highway for the special purpose necessitating such lights, a flashing, oscillating or rotating amber light, but shall not display a flashing, oscillating or rotating light of any other color, nor to vehicles or machinery permitted by Section 337.10 to have a flashing red light."

The matter proceeded to trial before a magistrate on August 12, 1992. On September 4, 1992, an order was entered by the magistrate finding appellant not guilty. The magistrate determined that the ordinance in question did not apply to appellant's actions, stating, in part:

"After a review of the Village of Kirtland Hills Codified Ordinance 337.16 and specifically section (c) of this ordinance, it was clear to the Magistrate that this ordinance applies to the object or noun: flashing lights. The ordinance sets forth restrictions with respect to the type of vehicle upon which a flashing light may be attached and under what conditions the flashing light may be used. The ordinance in no way restricted the activity of a driver of a vehicle in flashing (verb) [*sic*] his or her lights.

"It was clear from the testimony and evidence presented, that Officer Mescal did not observe a violation of Codified Ordinance 337.16(c) by the defendant herein on the date and time in question. The act of turning on one's headlights on one occassion [*sic*] did not violate the ordinance as it currently exists."

On October 16, 1992, appellee filed objections to the magistrate's order. Finding appellee's objections well taken, the trial court entered a judgment of guilty on June 1, 1993. The court offered no explanation. Appellant was fined $50 plus court costs.

Appellant filed a notice of appeal with a single assignment of error:

"The court erred in its application of Village of Kirtland Hills Ordinance 337.16(c) as it relates to the conduct of the defendant."

In the sole assignment of error, appellant asserts that the trial court erred in finding him guilty of violating Kirtland Hills Ordinance 337.16(c). Appellant argues that the magistrate correctly decided that the ordinance was meant to prohibit the use of "flashing lights" on all but certain emergency and specialty vehicles. Appellant contends that the ordinance was not intended to prohibit a driver from flashing his headlights on and off in order to signal another driver.

■ It is a well-established rule of statutory interpretation that words and phrases must be read in context and construed according to the rules of grammar and common usage. R.C. 1.42. Additionally, the Supreme Court of Ohio has held:

"In matters of construction, it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used. (*Columbus–Suburban Coach Lines v. Pub. Util. Comm.* [1969], 20 Ohio St.2d 125, 127, 49 O.O.2d 445, 446, 254 N.E.2d 8, 9, followed." *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, at paragraph three of the syllabus.

■ Applying the rules of grammar and common usage to Kirtland Hills Ordinance 337.16(c), it is apparent that appellant's act of flashing his headlights is not covered by the plain language of the ordinance. If the legislature intended to prohibit the type of activity that appellant was engaged in, the grammatically correct way to express that intent would be to say: "The flashing of one's headlights is prohibited" rather than "flashing lights are prohibited." It is the lights themselves, rather than the act of flashing one's lights, that are the subject of the prohibition.

Furthermore, the ordinance in question is titled, "Limitation on Flashing, Oscillating or Rotating Lights." The ordinance prohibits flashing lights on all vehicles except emergency vehicles and various other specialty vehicles such as snow plows, rural mail delivery vehicles, and funeral escort vehicles. It is clear that all of the vehicles that fall within the exception to the general prohibition utilize roof-mounted lights that flash, oscillate or rotate. Therefore, the implication is that the prohibition is aimed towards the use of similar roof-mounted lights on ordinary passenger vehicles.

To read the ordinance in accordance with appellee's argument would make illegal the flashing of headlights in all situations, including some useful and historically lawful instances. For example, the flashing of headlights can be used to signal another driver to turn on his or her headlights. The flashing of headlights is also used on highways to let the driver of a passing vehicle know that it is safe to move back into the right-hand lane. It is doubtful that the

flashing of headlights in these examples was intended to be outlawed by the legislature, but that is exactly the result if appellee's argument is accepted.

We note that Ohio courts have previously held that the act of flashing one's headlights so as to alert oncoming drivers of a radar trap does not constitute the offense of obstructing a police officer in the performance of his duties, where there was no proof that the warned vehicles were speeding prior to the warning. *Akron v. Matteson* (M.C.1972), 63 O.O.2d 146, 299 N.E.2d 315; *Warrensville Hts. v. Wason* (1976), 50 Ohio App.2d 21, 4 O.O.3d 12, 361 N.E.2d 546.

Based upon the foregoing analysis, the trial court erred in determining that Kirtland Hills Ordinance 337.16(c) applied to the acts of appellant.

Appellant's sole assignment of error is well taken.

The judgment of the trial court is reversed and the cause is remanded to the trial court to enter judgment in favor of appellant.

*Judgment reversed.*

FORD, P.J., and NADER, J., concur.