OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Phillip Bledsoe appeals his conviction, including a major drug offender specification, and sentence from the Stark County Court of Common Pleas on four counts of trafficking in cocaine, each count a felony in violation of R.C. 2925.03. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} In June, 2003, the Stark County Metro Vice Unit and the Massillon Police Department were engaged in an undercover investigation of drug sales in the Massillon, Ohio area. The detectives were working with an undisclosed confidential informant, and, through the confidential informant, arranged a number of controlled buys of narcotics from appellant.
{¶ 3} On June 9, 2003, the confidential informant called an undisclosed cell phone number to make arrangements to purchase 1.8 grams of crack cocaine for $220. A Massillon Police officer positioned himself in a white van which had been custom remodeled to allow him to hide under the front seat. The van was also specially equipped with videotape and audiotape equipment to film and record any drug activities. The equipment recorded the events of the transaction. Items were placed on the seat of the van to obtain fingerprints, which were later identified through testing as appellant's.
{¶ 4} A second buy was arranged through a telephone call to the same undisclosed cell phone number for the purchase of 14 grams of crack cocaine for $800. Again, the telephone call and the transaction were recorded. On June 12, 2003, in the same neighborhood as the first buy, in front of appellant's residence, another individual sold crack cocaine to the confidential informant. Appellant stood nearby, he did not get into the van, but did call the informant's cell phone after they arrived.
{¶ 5} On June 19, 2003, the informant called the same cell phone number to inquire as to the price of a full ounce of crack cocaine. The call was recorded. Appellant delivered the crack cocaine, but there were issues as to the weight of the drugs. The van dropped appellant off at his residence and returned. Another person then delivered the drugs back to the van. The buy was recorded.
{¶ 6} Finally, on July 1, 2003, the informant ordered four and a half ounces of crack cocaine, plus an additional half ounce, for a total of five ounces. Appellant and the informant agreed on the price of $8000. Bledsoe and the informant agreed the money would be placed at a "drop location." Upon arriving for the deal, Kenyan Chandler came up to the van with the package to make the delivery. The informant placed a telephone call to appellant, who stated Chandler was his brother. Appellant made reference to "counting out the bread" and "counting out the eight." During the telephone conversations, appellant told the informant "we're playing softball." This transaction formed the basis for count one of the indictment.
{¶ 7} The substance Chandler sold to the informant was "wet" and comparable to the consistency of freshly made crack cocaine. The substance was submitted to the crime lab for analysis, and testing revealed it to be 130.87 grams of ordinary baking soda.
{¶ 8} Appellant was indicted on four counts of trafficking in cocaine, with a major drug offender specification. Appellant plead not guilty and the case proceeded to trial on November 3, 2003. The jury found appellant guilty as charged on counts one, two and four. The trial court dismissed count three.
{¶ 9} Appellant moved the trial court to dismiss the jury's verdict on count one as appellant never mentioned "crack cocaine" in the course of the transaction and the substance actually delivered to the confidential informant was baking soda. Appellant argued a "defect in the law" in applying a major drug offender specification to the facts of his case. The trial court overruled the motion.
{¶ 10} It is from his conviction, the major drug offender specification, and his sentence appellant appeals, raising the following as assignments of error:
{¶ 11} "I. The trial court erred in failing to dismiss the major drug offender specification where the facts of the case fail to meet the statutory requirements.
{¶ 12} "II. The trial court's finding of guilt is against the manifest weight and sufficiency of the evidence."
 I
{¶ 13} In his first assignment of error appellant argues the trial court should have dismissed the major drug offender specification on count one, because the substance involved in the transaction tested as 130.87 grams of baking soda, not crack cocaine.
{¶ 14} Appellant is the co-defendant of Kenyan Chandler. This court had occasion to review this issue in State v. Chandler,157 Ohio App.3d 672, 2004-Ohio-3436. We now take this opportunity to clarify our holding.
{¶ 15} The R.C. 2941.1410 "specification" is redundant and unnecessary when the individual is indicted pursuant to R.C.2925.03(A) and (C) (4) (g). See, State v. Elkins (2002),148 Ohio App.3d 370, 2002-Ohio-2914, 773 N.E.2d 593; State v.Chandler, 157 Ohio App.3d 672, 2004-Ohio-3436. However, this does not end the analysis in the case at bar. In order to determine the penalty for a violation of R.C. 2925.03(A) and an additional sentence as a major drug offender pursuant to R.C.2925.03(C)(4)(g), the State is required to prove beyond a reasonable doubt at trial both the identity of the substance and the amount of the substance.
{¶ 16} That the substance offered for sale was not actually a controlled substance is immaterial for purposes of conviction under R.C. 2925.03(A) (1) is not disputed. In fact we agree thatState v. Scott (1982), 69 Ohio St.2d 439, 432 N.E.2d 798 andState v. Patterson (1982), 69 Ohio St.2d 445, 432 N.E.2d 802
stand for precisely that proposition. However, it is the next step in the analysis that creates the conundrum.
{¶ 17} Neither 2925.03(C)(4)(g) nor R.C. 2925.01(X) provide a penalty for selling or offering to sell a substance that does not contain any detectable amount of cocaine, but which was represented or offered for sale as cocaine or crack cocaine. Without such a provision appellant can ostensibly be convicted under R.C. 2925.03(A) (1) but he can not be sentenced pursuant to 2925.03(C) (4) (g) or R.C. 2925.01(X). Further, pursuant toApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435, and more recently Blakely v. Washington
000 U.S. 02-1632(June 24, 2004), the jury must make the finding as to the identity and the amount of the "drug" involved in order to trigger major drug offender status pursuant to 2925.03(C)(4)(g) or R.C. 2925.01(X).
{¶ 18} To adopt the dissent's view in Chandler and in the case at bar, we must ignore the express language of R.C.2925.03(C)(4)(g) and R.C. 2925.01(X) which require that the "substance" sold or offered for sale be a "compound, mixture, preparation, or substance containing cocaine". See, State v.Chandler, supra. As we stated in Chandler, it is the duty of the court to give effect to the words used, not to delete words or to insert words not used. Id. at 157 Ohio App.3d at 682,2004-Ohio-3436 at ¶ 61. (Citing Columbus-Suburban Coach Lines v.Public Utilities Comm. (1969), 20 Ohio St.2d 125, 127, 49 O.O.2d 445, 254 N.E.2d 8).
{¶ 19} The Legislature has not included within the sentencing portion of either R.C. 2925.03(C)(4)(g) or R.C. 2925.01(X) a penalty for a substance that does not contain any detectable amount of cocaine, but which was represented or offered for sale as cocaine. That penalty is provided in R.C. 2925.37, Counterfeit Controlled Substance.
{¶ 20} In State v. Patterson, supra, the Ohio Supreme Court made the following observation: "[i]t would be improper for this court to amend that provision [R.C. 2925.03(A) (1), (5) or (7)] and insert a "fraudulent transfer" defense. The General Assembly easily could have done so had they been concerned with protecting "consumers" or giving "con-men" different treatment. They did not, and neither should we." Id. at 69 Ohio St.2d at 447-448;432 N.E.2d at 803-804. Apparently in response to this statement on May 5, 1982, after Patterson and Scott, supra, had been decided the Governor approved Am. House Bill 535 which amended R.C. 2925.01 and added R.C. 2925.37, providing penalties for, among other things, an offer to sell a counterfeit controlled substance. This bill did not become law until August 20, 1982.State v. Kilgore (Sept. 22, 1982), 12th Dist. No. 81-CA-16 at n. 1. Accordingly, the present statutory scheme punishes those individuals who sell drugs more severely than those individuals who deceive another into believing that he or she is purchasing a drug, when in fact the buyer receives a harmless substance.
{¶ 21} If an "offer to sell" is all that is necessary to obtain a conviction under R.C. 2925.03(C) (4)(g) or R.C. 2925.01(X) then the mere utterance of the words has become a criminal offense, regardless of whether the speaker has any drugs or even can obtain any drugs. To argue that it is immaterial that the substance delivered was not a controlled substance, begs the question. Obviously the "seller" must convince the "buyer" that what he is receiving is a controlled substance. Not even the most naïve person would, for example, pay $8,000.00 for 130.87 grams of ordinary baking soda. The "seller" must represent that the substance is a controlled substance for the ruse to be successful. However, we would agree that if the substance sold or delivered contains any detectable amount of a controlled substance then the seller should be punished under the more severe sanctions for selling drugs.
{¶ 22} The present statutory scheme found in R.C. 2925.03(C) (4) (g) and R.C. 2925.01(X) fulfills only one of two necessary elements. Not only must the law define the offense, it must also provide a penalty for the conviction of that offense. We now have a conviction without the Legislature providing a sentence for the offense. It is the province of the Legislature, not the courts, to provide the statutory framework necessary to sentence a criminal defendant. Without a penalty there can be no offense. The trial court erred in submitting the issue of the amount of drug involved to the jury because it was clear beyond a reasonable doubt that the substance did not contain a detectable amount of any controlled substance. As the State failed to prove an essential element of the criminal offense, appellant's conviction on count one of the indictment must be reversed. Inre: Winship (1970), 397 U.S. 358; State v. Chandler,157 Ohio App.3d 672, 2004-Ohio-3436.
{¶ 23} For the reasons set forth in State v. Chandler,157 Ohio App.3d 672, 2004-Ohio-3436 we sustain this assignment of error.
 II
{¶ 24} In his second assignment of error, appellant argues his convictions, including the major drug offender specification on count one, are not supported by sufficient evidence and are against the weight of the evidence. Appellant maintains it is against the manifest weight and sufficiency of the evidence for appellant to be classified a major drug offender. Further, he argues the State failed to prove beyond a reasonable doubt each and every element of the offense.
{¶ 25} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at paragraph two of the syllabus.
{¶ 26} Pursuant to Jenks, supra, on review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing Statev. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
{¶ 27} Appellant admits it is his voice in the audio and videotapes of the transactions relating to his convictions on counts two and four. Detective Minarcheck testified he recognized appellant's voice in every telephone conversation. Also, trial testimony as to three of the buys indicated appellant actually sold crack cocaine. Therefore, upon review, we find the State presented sufficient evidence of every element of the charged offenses, and the jury did not lose its way in convicting appellant. Accordingly, pursuant to the language set forth in the statute, we find appellant's convictions on counts two and four are supported by the evidence. For the reasons stated in our discussion of appellant's first assignment of error, we reverse appellant's conviction on count one.
{¶ 28} Appellant's second assignment of error is overruled except as to his conviction on the major drug offender specification, and count one of the indictment as set forth in our discussion of appellant's first assignment of error.
{¶ 29} The judgment of the Stark County Court of Common Pleas is affirmed in part, and reversed in part and remanded for proceedings not inconsistent with this opinion.
Gwin, P.J. and Boggins, J. concur.
Hoffman, J. concurs in part, dissents in part.