Farmer, Judge,
dissents.
{¶ 72} I respectfully dissent from the disposition of assignment of error TV regarding appellant’s postverdict motion for acquittal pursuant to Crim.R. 29.
{¶ 73} It is axiomatic that there can be more than one proximate cause. It is undisputed that by appellant’s admissions, she knew that her driver’s license was suspended. If the jury was convinced that appellant was driving, the driving occurred while she was under suspension, and her operation of the vehicle was a proximate cause of the death, the predicate offense was met under R.C. 2903.04(B).
{¶ 74} The Ohio General Assembly addressed matters concerning the involuntary-manslaughter predicate-offense issue after State v. Collins (1993), 67 Ohio St.3d 115, 616 N.E.2d 224. See also State v. Weitbrecht (1999), 86 Ohio St.3d 368, 715 N.E.2d 167. In its collective wisdom, the General Assembly chose not to distinguish between status and nonstatus offenses, which it could have done explicitly in the amendment.
{¶ 75} Without such guidance, I am loath to rewrite or amend the statute. It is clearly not within the province of the courts of Ohio. Cleveland Elec. Illum. Co. v. Cleveland (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus, following Columbus-Suburban Coach Lines v. Pub. Util. Comm. (1969), *506 20 Ohio St.2d 125, 49 O.O.2d 445, 254 N.E.2d 8; State ex rel. Carmean v. Bd. of Edn. (1960), 170 Ohio St. 415, 11 O.O.2d 162,165 N.E.2d 918.
{¶ 76} I would find that the trial court did not err in denying appellant’s postverdict Crim.R. 29 motion to acquit.