[Cite as *Stark v. Edwards*, 2012-Ohio-5142.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-12 |
| CHARLES EDWARDS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Perry County
                             Court, Case No.TRC 1100879

JUDGMENT:                    Reversed and Remanded


DATE OF JUDGMENT ENTRY:      November 1, 2012

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

NANCY NASH RIDENOUR                   CHARLES EDWARDS
Assistant Prosecuting Attorney        4204 Sunset Blvd.
P.O. Box 569                          Steubenville, OH 43952
New Lexington, OH 43764

*Gwin, P.J.*

{¶1} Appellant, Charles Edwards ["Edwards"] appeals the April 11, 2012 judgment entry of the Perry County Court ordering him to pay a portion of the fees in order to release his car from impoundment. Appellee is the State of Ohio.

*Procedural History*

{¶2} On July 10, 2011, Edwards was charged with OVI. His vehicle, a 1985 Toyota Supra, was impounded and towed to Snider's impound lot. On August 12, 2011, Edwards filed a motion to release the vehicle. On November 21, 2011, the Court signed an Order to release the vehicle. The order was prepared by and approved by counsel for Edwards. That Order was silent as to who should pay storage fees. A release was prepared by the Perry County Probation Department and submitted to Snider's.

{¶3} Edwards attempted to obtain his vehicle; however, the impound lot refused to release the vehicle until the storage and impound fees were paid. Edwards refused to pay the fees. Consequently, the car remained in the impound lot.

{¶4} On February 15, 2012, Edwards filed "Defendant's Motion for Costs." Edwards requested that the Perry County Sheriff's Office pay the impoundment fee because the impoundment of his vehicle was unauthorized. R.C. 4511.195(D)(4).

{¶5} By Judgment Entry filed February 24, 2012, the Court ordered storage fees to be divided among the Perry County Sherriff's Office, and the Court's Special Project's Fund.

{¶6} On March 21, 2012, Edwards filed "Defendant's Motion to Compel and Show Cause." In his motion, Edwards alleged that the impound fees had not been paid as directed by the Court's February 24, 2012 order.

**{¶7}** By Judgment Entry filed April 11, 2012, the trial court ordered in relevant part as follows,

Therefore, the Court has determined that the Perry County Sheriff Office will be responsible for the cost of Impoundment from July 10, 2011 to August 12, 2011, the Perry County Court will be responsible for the cost of impound from August 13, 2011 to November 23, 2011, finally the Defendant Charles Edwards will be responsible for cost incurred from November 24, 2011 to current.

*Assignments of Error*

**{¶8}** Edwards raises four assignments of error[1],

**{¶9}** "I. THE TRIAL COURT ERRED AT THE INITIAL HEARING OF THIS CASE WHEN IT FAILED TO OBSERVE THE REQUIREMENTS OF OHIO REVISED CODE SECTION 4511.195(B)(3).

**{¶10}** "II. THE TRIAL COURT ERRED IN ITS DECISION AND ENTRY OF APRIL, 2012, WHEN IT RULED THAT THE IMPOUNDED VEHICLE WAS ORIGINALLY RELEASED FROM IMPOUNDMENT BY THE ORDER ISSUED BY THE TRIAL COURT ON NOVEMBER 21, 2011.

**{¶11}** "III. THE TRIAL COURT ERRED IN BY NOT REQUIRING THE SHERIFF TO PAY THE ENTIRE AMOUNT OF IMPOUND FEES IN ITS ORDER OF FEBRUARY 24, 2012 IN ACCORDANCE WITH R.C. 4511.195(B)(3).

**{¶12}** "IV. THE TRIAL COURT ERRED IN THE DECISION AND ENTRY IT FILED ON APRIL 11, 2012, WHEN IT RULED THAT DEFENDANT-APPELLANT WAS

---

[1] We note that the assignments of errors in Edwards' brief are multiple paragraphs that contain facts and arguments. We have culled the assignments of error in this Opinion to be the crux of Edwards' contentions.

RESPONSIBLE FOR PAYMENT OF IMPOUNDMENT COSTS FROM NOVEMBER 24, 2011 TO THE CURRENT DATE."

**{¶13}** Edwards' four assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

*Analysis*

**{¶14}** R.C. 4511.195 requires law enforcement officers to seize and immobilize the vehicles of persons who have been arrested for a second offense of operating a motor vehicle while under the influence of alcohol ("OVI"). The parties in the case at bar agree that at the time of his arrest, Edwards did not have a prior OVI conviction.

**{¶15}** R.C. 4511.195 (D) states,

(4) If the impoundment of the vehicle was not authorized under this section, the court shall order that the vehicle and its license plates be returned immediately to the arrested person or, if the arrested person is not the vehicle owner, to the vehicle owner, and *shall* order that the state or political subdivision of the law enforcement agency served by the law enforcement officer who seized the vehicle pay all expenses and charges incurred in its removal and storage. (Emphasis added).

**{¶16}** The primary purpose of the judiciary in the interpretation or construction of a statue is to give effect to the intention of the legislature, as gathered from the provisions enacted by application of well-settled rules of construction or interpretation. *Henry v. Central National Bank*, 16 Ohio St.2d 16, 20, 242 N.E.2d 342(1968). (Quoting *State ex rel. Shaker Heights Public Library v. Main*, 83 Ohio App. 415, 80 N.E.2d 261(8th Dist.1948)). It is a cardinal rule that a court must first look to the language itself

to determine the legislative intent. *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105, 304 N.E.2d 378(1973). If that inquiry reveals that the statute conveys a meaning that is clear, unequivocal and definite, at that point, the interpretive effort is at an end, and the statute must be applied accordingly. *Id.* at 105–106, 304 N.E.2d 378. In determining legislative intent, it is the duty of the court to give effect to the words used, not to delete words used or to insert words not used. *Columbus–Suburban Coach Lines v. Public Utility Comm*, 20 Ohio St.2d 125, 127, 254 N.E.2d 8 (1969). See also, *In re: McClanahan,* 5th Dist. No. 2004AP010004, 2004–Ohio–4113, 2004 WL 1758408, ¶ 16.

{¶17} R.C. 1.42 states: "1.42 Common and technical usage. Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

{¶18} The word "shall" is usually interpreted to make the provision in which it is contained mandatory. *Dorrian v. Scioto Conservancy District*, 27 Ohio St. 2d 102, 107, 271 N.E.2d 834 (1971). In contrast, the use of the word "may" is generally construed to make the provision in which it is contained optional, permissive, or discretionary. *Id.* The words "shall" and "may" when used in statutes are not automatically interchangeable or synonymous. *Id.* To give the "may" as used in a statute a meaning different from that given in its ordinary usage, it must clearly appear that the Legislature intended that it be so construed from a review of the statute itself. *Id.* at 107– 108, 271 N.E. 2d 834. *In re: McClanahan,* supra at ¶ 17.

{¶19} The language of R.C. 4511.195(D)(4) is clear and unambiguous on its face and needs no interpretation. Accordingly, this Court concludes that the Ohio

General Assembly specifically intended to prohibit charging the accused impound fees and costs when impoundment of the vehicle was not authorized by statute.

**{¶20}** Edwards' four assignments of error are sustained.

**{¶21}** The judgment of the Perry County Court is vacated and this case is remanded for the limited purpose of ordering that the state or political subdivision of the law enforcement agency served by the law enforcement officer who seized the vehicle pay all expenses and charges incurred in its removal and storage of Edwards' vehicle.


By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


_____
HON. JULIE A. EDWARDS

WSG:clw 1022

[Cite as *Stark v. Edwards*, 2012-Ohio-5142.]

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHARLES EDWARDS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-CA-12 |

For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Perry County Court is vacated and this case is remanded for the limited purpose of ordering that the state or political subdivision of the law enforcement agency served by the law enforcement officer who seized the vehicle pay all expenses and charges incurred in its removal and storage of Edwards' vehicle. Costs to appellee.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS