[Cite as *State v. Collins*, 2023-Ohio-3011.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  14-22-28

    v.

DANIEL ALAN COLLINS,  JR.,          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No.  22-CR-0098

Judgment Affirmed

Date of Decision:  August 28, 2023

APPEARANCES:

    *Alison Boggs* for Appellant

    *Andrew M. Bigler* for Appellee

**MILLER, P.J.**

{¶1} Defendant-appellant, Daniel A. Collins, Jr. ("Collins"), appeals the November 10, 2022 judgment entry of sentence of the Union County Court of Common Pleas. For the reasons that follow, we affirm.

*Background*

{¶2} On April 29, 2022, the Union County Grand Jury indicted Collins on six counts: Counts One and Five of breaking and entering in violation of R.C. 2911.13(B), (C), fifth-degree felonies; Counts Two, Three, and Six of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1), (B)(5), fourth-degree felonies; and Count Four of theft in violation of R.C. 2913.02(A)(1), (B)(2), a fifth-degree felony. Collins appeared for arraignment on May 11, 2022 where he entered not guilty pleas to the charges in the indictment.

{¶3} Pursuant to a negotiated-plea agreement, on September 27, 2022, Collins appeared for a change-of-plea hearing where he entered guilty pleas to the three counts of grand theft of a motor vehicle. In exchange, the State agreed to recommend dismissal of the remaining counts. The parties did not have a jointly-recommended sentence. The trial court accepted Collins's guilty pleas and found him guilty of Counts Two, Three, and Six. The trial court also dismissed Counts One, Four, and Five at the request of the State. The trial court ordered a presentence investigation.

{¶4} On November 10, 2022, Collins appeared for a sentencing hearing. The trial court sentenced Collins to 18 months in prison on each of the three counts. The trial court ordered the sentences to run consecutively to each other and consecutive to the sentence imposed in Champaign County case number 22-CR-0031. That same day, the trial court filed its judgment entry of sentence.

{¶5} Collins filed a notice of appeal on December 9, 2022. He raises two assignments of error for our review. For ease of discussion, we will address Collins's assignments of error together.

### First Assignment of Error

**The trial court erred when it ordered Appellant's sentence to run consecutive to the sentence he received from Champaign County.**

### Second Assignment of Error

**The trial court erred when it sentenced Appellant to maximum sentences and further erred when it ordered the sentences to be served consecutive[ly].**

{¶6} Collins's two assignments of error contain interrelated issues. In his first assignment of error, Collins argues the trial court erred by sentencing him to the maximum term of 18 months in prison for each count of grand theft of a motor vehicle. He also argues the trial court erred by ordering the sentences for each count in the instant case to run consecutively to each other. In his second assignment of error, Collins argues the trial court erred by ordering the sentences in the instant

case to be served consecutively to the prison term he received in Champaign County.

**{¶7}** We first address Collins's argument the trial court erred by sentencing him to the maximum term of 18 months in prison for each count of grand theft of a motor vehicle.

*Standard of Review*

**{¶8}** Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority: Maximum Sentences*

**{¶9}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9. A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable statutory policies that apply to every felony

sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12. *See State v. Watts*, 3d Dist. Auglaize No. 2-20-10, 2020-Ohio-5572, ¶ 10 and 14; *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31.

{¶10} R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶11} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C.

2929.12(A). In addition, the trial court must consider "the factors set forth in [R.C. 2929.12(F)] pertaining to the offender's service in the armed forces of the United States." R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Smith* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

*Analysis: Maximum Sentences*

**{¶12}** The trial court sentenced Collins to 18 months in prison for each count of fourth-degree felony grand theft of a motor vehicle. This sentence is within the statutory range for felonies of the fourth degree established by R.C. 2929.14(A)(4).

**{¶13}** The record reflects that the trial court considered R.C. 2929.11 and 2929.12 when fashioning Collins's sentence. Specifically, at the sentencing hearing, the trial court stated it considered "the principles and purposes of sentencing under Revised Code Section 2929.11 * * * and balanced the seriousness and recidivism factors under Revised Code Section 2929.12." (Nov. 10, 2022 Tr. at 10). In its dialogue with Collins, the trial court addressed the seriousness and recidivism factors in some detail as they related to the instant case. (*Id.* at 10-11). Moreover, in its judgment entry of sentence, the trial court indicated it considered R.C. 2929.11 and 2929.12 when fashioning Collins's sentence. (Doc. No. 27). Further, in its judgment entry of sentence, the trial court specifically indicated which

R.C. 2929.12(B)-(F) factors applied to the instant case. (*Id.*). Therefore, because Collins's prison sentence is within the applicable statutory range and the record supports that the trial court fulfilled its obligation of considering R.C. 2929.11 and 2929.12, Collins's individual sentences are valid. *See Watts*, 2020-Ohio-5572, at ¶ 14.

{¶14} Yet, Collins argues his 18-month prison sentences for grand theft of a motor vehicle are unsupported by the record or contrary to law because the conduct underlying the instant offenses does not constitute the "worst form of the offense." Collins also argues the trial court made findings not consistent with the facts contained in the record.

{¶15} However, the record belies his claims. Specifically, Collins argues that because the victims were not seeking restitution, the trial court erred by finding the victims suffered serious economic harm. However, despite Collins's argument to the contrary, the victims' decision not to seek restitution is not mutually exclusive with the victims suffering serious economic harm as a result of the offenses. *See generally State v. Orms*, 10th Dist. Franklin No. 14AP-750, 2015-Ohio-2870, ¶ 11-12. Further, Collins contends the trial court erred by finding that "at the time of committing the offense[s], the offender was under release from confinement before trial or sentencing." (Appellant's Brief at 7). Collins's argument is based on an assumption that the trial court's finding referenced Collins's cases in Madison and

Champaign Counties, which occurred after the instant case. However, a review of the PSI, which was provided as part of the record, indicates that, on the date of the offenses in the instant case, Collins had been released on bond for two indictments pending in Franklin County. Accordingly, the trial court's finding that, on the date of the instant offenses, Collins was on release before trial or sentencing is supported by the record.

{¶16} Further, although "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds 'the record does not support the sentencing court's findings under' certain specified statutory provisions[,] * * * R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 28. Moreover, "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Thus, R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. "[A]n appellate court errs if it * * * modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.'" *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 17, quoting *Jones* at ¶ 29.

{¶17} Accordingly, even if we were to agree with Collins that his sentence is not supported by the record under R.C. 2929.11 and 2929.12, which we do not, we could not vacate or modify his sentence on that basis. As discussed above, Collins's prison sentence is within the applicable statutory range, and it is clear the trial court considered R.C. 2929.11 and 2929.12 when fashioning Collins's sentence. Hence, Collins's prison sentence is not clearly and convincingly contrary to law, and it must therefore be affirmed. *See State v. Slife*, 3d Dist. Auglaize No. 2-20-17, 2021-Ohio-644, ¶ 17.

{¶18} Next, Collins argues that the trial court erred by ordering the sentences in the instant case to be served consecutively to each other.

*Relevant Authority: Consecutive Sentencing*

{¶19} "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)  The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*

{¶21} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that

the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

*Analysis: Consecutive Sentencing*

**{¶22}** Collins does not argue that the trial court failed to make the requisite consecutive-sentencing findings under R.C. 2929.14(C)(4). Rather, Collins contends the record does not support the trial court's findings.

**{¶23}** At the sentencing hearing, the trial court stated:

> [C]onsecutive sentences are necessary to protect the public from future crime and to punish the defendant and are not disproportionate to the seriousness of the offender's conduct and to the danger the defendant poses to the public. The Court further finds that the offender committed one or more of the multiple offenses while he was awaiting trial or sentencing[,] [w]as under a sanction imposed pursuant to Revised Code Section 2929.16, 17, or 18 * * * [a]nd was under post release control for a prior offense. The Court further finds that at least two of the multiple offenses were committed as part of one or more courses of conduct * * * [a]nd that the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(Nov. 10, 2022 Tr. at 11-12). The trial court memorialized those findings in its sentencing entry. (Doc. No. 27). Accordingly, the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings into its sentencing entry.

**{¶24}** Nonetheless, Collins summarily argues that his maximum, consecutive sentences are disproportionate to the instant offenses. However, we do

not find that Collins's sentences are clearly and convincingly unsupported by the record. A review of the detailed information contained in the PSI, including the factual basis of the instant case, Collins's extensive criminal history, lack of remorse, and failure to respond favorably to sanctions imposed in the past indicate that maximum, consecutive sentences are not disproportionate to the instant offenses.

{¶25} Finally, Collins contends that the trial court erred by imposing the sentences in the instant Union County case consecutively to the sentence he received in Champaign County. The record indicates that subsequent to Collins's indictment on the instant offenses, he was charged in Champaign County for actions which occurred after those underlying the instant offenses. However, Collins was sentenced in the Champaign County case prior to his sentencing in the instant case. Accordingly, Collins argues the trial court erred by ordering him to serve the sentence in the Union County case consecutively to the sentence in the Champaign County case because the criminal activity in Union County occurred prior to the criminal activity in Champaign County. We disagree.

{¶26} Essentially, Collins implores this Court to interpret R.C. 2929.14(C)(4) to prohibit the imposition of consecutive sentences if the sentences are not imposed in chronological order as to the commission of the underlying

offenses. However, this argument, though inventive, is wholly unsupported by statutory or caselaw.

**{¶27}** When interpreting statutes, reviewing courts must "give effect to the words used, not * * * delete words used or * * * insert words not used." *Columbus-Suburban Coach Lines, Inc. v. Pub. Util. Comm.*, 20 Ohio St.2d 125, 127 (1969). Collins's request that this Court insert a temporal requirement not required by R.C. 2929.14(C)(4) is beyond the province of this court. *See State v. Bollar*, _____Ohio St.3d_____, 2022-Ohio-4370, ¶ 24. Moreover, we find Collins's request is against public policy and would present an unnecessary myriad of logistical hurdles at the trial court level.

**{¶28}** Collins's first and second assignments of error are overruled.

*Conclusion*

**{¶29}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Union County Court of Common Pleas.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**