[Cite as *State v. Green*, 2026-Ohio-1835.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
TUSCARAWAS COUNTY, OHIO

STATE OF OHIO

    Plaintiff – Appellee

-vs-

DUSTIN L. GREEN

    Defendant – Appellant

Case No. 2025 AP 09 0032

Opinion And Judgment Entry

Appeal from the Tuscarawas County
Court of Common Pleas, Case No. 2024
CR 12 0387

Judgment: Reversed and Remanded

Date of Judgment Entry: May 19, 2026

BEFORE: Craig R. Baldwin, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: R. Scott Deedrick, Kristine W. Beard. for Plaintiff-Appellee; Aaron
Kovalchik, for Defendant-Appellant

OPINION

*Popham, J.,*

    **{¶1}** Appellant, Dustin Green ("Green"), appeals from the June 20, 2025,
Judgment Entry of the Court of Common Pleas for Tuscarawas County, Ohio, which
imposed an indefinite prison sentence for offenses committed between 2014 and 2017.
For the reasons below, we reverse and remand for re-sentencing.

**Facts and Procedural History**

    **{¶2}** Green was indicted by the Tuscarawas County Grand Jury on one count of
rape in violation of R.C. 2907.02(A)(1), a felony of the first degree, with the victim under
ten years of age, and one count of gross sexual imposition in violation of R.C.

2907.05(A)(4), a felony of the third degree. The indictment alleged a continuous course of conduct occurring between March 11, 2014, and March 10, 2017.

{¶3} On April 20, 2025, pursuant to a negotiated plea agreement, Green entered guilty pleas to an amended count of rape in violation of R.C. 2907.02(A)(2) and to gross sexual imposition in violation of R.C. 2907.05(A)(4). (Tr. Sent. June 16, 2025, at 2.) The amendment eliminated the possibility of a life sentence.

{¶4} On April 29, 2025, the parties jointly recommended an aggregate indefinite sentence of 15 to 20.5 years. Green withdrew his prior pleas of not guilty and entered guilty pleas in accordance with the agreement.

{¶5} On June 20, 2025, the trial court imposed the jointly recommended indefinite sentence.

{¶6} On August 12, 2025, the trial court conducted a post-sentence status hearing after receiving correspondence from the Ohio Department of Rehabilitation and Correction indicating that Green's sentence should be governed by Senate Bill 201, which applies to offenses committed between 2014 and 2017[1]. The trial court appointed counsel to assist Green in pursuing appellate relief. (Judgment Entry, Aug. 19, 2025.)

{¶7} On September 18, 2025, Green filed a motion for delayed appeal, which this Court granted on October 31, 2025.

**Assignment of Error**

{¶8} "I. THE TRIAL COURT ERRED BY IMPOSING AN INDEFINITE SENTENCE UPON APPELLANT."

---

[1] A transcript of this hearing has not been filed with the record in this appeal.

**Law and Analysis**

{¶9} Green contends that his sentence is contrary to law because the trial court imposed an indefinite prison term under the Reagan Tokes Law ("RTL") for offenses committed prior to its effective date – March 22, 2019.

**Standard of Review**

{¶10} We review felony sentences under R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002. Appellate review does not permit reweighing the sentencing factors under R.C. 2929.11 and 2929.12. *State v. Jones*, 2020-Ohio-6729. An appellate court may modify or vacate a sentence if it clearly and convincingly finds that the sentence is contrary to law. *Id.* A sentence is not contrary to law if the trial court considered the relevant statutes, properly imposed post-release control, and sentenced within the statutory range. However, a sentence imposed under an inapplicable statutory scheme is, by definition, contrary to law.

**Plain Error**

{¶11} Where a sentence is imposed under a statutory framework that does not apply to the offense, the error is evident and affects substantial rights. Although Green did not raise this issue in the trial court, we may review it for plain error. *State v. Quarterman*, 2014-Ohio-4034, ¶ 16; *State v. Rush*, 83 Ohio St.3d 53, 56 (1998).

{¶12} In *Rush*, the Supreme Court of Ohio held that newly enacted sentencing provisions apply prospectively only, unless the legislature clearly indicates otherwise. *Id.* at 56. That principle governs here, vis-à-vis RTL does not apply retrospectively.

**Statutory Construction**

{¶13} The primary goal of statutory interpretation is to give effect to legislative intent as expressed in the statutory language. *Henry v. Central Natl. Bank*, 16 Ohio St.2d

16, 20 (1968). Courts begin with the text, and where the text is clear, the inquiry ends. *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105-106 (1973).

{¶14} Courts must give effect to the words used and may not add or delete language. *Columbus–Suburban Coach Lines v. Pub. Util. Comm.*, 20 Ohio St.2d 125, 127 (1969). Words are construed according to their ordinary meaning. R.C. 1.42. The term "shall" is mandatory. *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107 (1971).

**The Reagan Tokes Law ("RTL")**

{¶15} RTL established an indefinite sentencing scheme for certain first and second-degree felonies and requires specific advisements when such sentences are imposed. R.C. 2929.19(B)(2)(c).

{¶16} However, RTL is expressly limited in its application. R.C. 2929.14(A)(1)(a) specifies that indefinite sentencing pursuant to the RTL applies only to offenses committed on or after March 22, 2019. In contrast, R.C. 2929.14(A)(1)(b) mandates definite prison terms for first-degree or second-degree felonies committed prior to that date. Likewise, R.C. 2929.144(A) defines qualifying felonies of the first or second degree under the RTL as those committed on or after the effective date of the RTL.

{¶17} These provisions reflect a clear and unequivocal legislative directive that RTL applies prospectively only.

**Analysis and Holding**

{¶18} Green's offenses were committed between 2014 and 2017, well before the effective date of the RTL. Under the plain language of R.C. 2929.14(A)(1)(b), any prison terms imposed by the trial court in this case had to be definite prison terms. The imposition of an indefinite sentence under the RTL was unauthorized.

**{¶19}** This error is not merely procedural but jurisdictional in nature. A trial court lacks authority to impose a sentence under a statutory scheme that does not apply to the offense. Such a defect renders the sentence contrary to law and subject to correction on appeal.

**{¶20}** The error is not cured by the parties' agreement. A defendant cannot consent to or acquiesce in an unlawful sentence, particularly where retroactive application of a more onerous sentencing scheme raises *ex post facto* constitutional concerns under Article II, Section 28 of the Ohio Constitution. A defendant cannot agree to an unlawful sentence, nor can a court impose one based on consent. *See State v. Richards*, 2001-Ohio-3408; *State v. Taogaga*, 2000 Ohio App. LEXIS 5864.

**{¶21}** Accordingly, we hold that the trial court erred as a matter of law by sentencing Green under the Reagan Tokes Law.

**Disposition**

**{¶22}** The judgment of the Court of Common Pleas for Tuscarawas County, Ohio is reversed as to sentencing, and this matter is remanded for resentencing.

**{¶23}** On remand, the trial court shall impose a definite prison term in accordance with R.C. 2929.14(A)(1)(b) and the statutory scheme in effect at the time the offenses were committed. The court shall not impose an indefinite sentence under the Reagan Tokes Law. The trial court shall conduct a new sentencing hearing, apply all applicable statutes, including R.C. 2929.11 and 2929.12, properly impose post-release control if applicable, and issue a corrected sentencing entry that complies with Ohio law.

**{¶24}** For the reasons stated in our Opinion, the judgment of the Court of Common Pleas for Tuscarawas County, Ohio is reversed as to sentencing only, and this matter is remanded to that court for further proceedings in accordance with the law and this Opinion.

**{¶25}** Costs to be waived.

By: Popham, J.

Baldwin, P.J. and

Gormley, J., concur