[THE STATE, EX REL.] PATTERSON, APPELLEE, *v.* CITY OF YOUNGSTOWN ET AL., APPELLANTS.

[Cite as Patterson *v.* Youngstown (1984), 10 Ohio St. 3d 8.]

(No. 82-1774—Decided March 14, 1984.)

*Wellman & Jeren Co., L.P.A.,* and *Mr. John A. Jeren, Jr.,* for appellee.

*Mr. Edward N. Sobnosky,* director of law, and *Mr. William J. Higgins,* for appellants.

*Per Curiam.* The sole issue raised in this appeal is whether Section 163.10 of the Youngstown City Ordinances requires an employee to reimburse the city for wages paid as injured-on-duty leave if the employee recovers lost wages in a settlement or judgment against a third party.

Section 163.10 provides in part:

"All regular full-time salaried or hourly rated employees of the City injured and incapacitated in the actual discharge of their duty, who as a result thereof, are compelled to be absent from duty, shall be entitled to leave of absence with pay subject to the following conditions:

"* * *

"(c) Employee Responsibility.
"* * *

"(2) Thereafter within no less than three days of the injury, the injured employee shall report the injury to the Risk Division and shall timely complete all forms designated by the rules and regulations of the Risk Division pertaining to injuries received during the actual performance of duty.
"* * *

"(e) Special Conditions.
"* * *

"(4) Any compensation received by an employee from the Ohio Bureau of Workers' Compensation as are reimbursement for wages for a period the employee was carried on injured-on-duty status shall be paid over to the Treasurer of the City. Compensation received as settlement of a claim exclusive of lost wages, shall become the property of the claimant."

The court of appeals held that Section 163.10(e)(4) specified reimbursement only in cases involving workers' compensation benefits and for that reason appellants had no authority to demand reimbursement under any other circumstances.

Appellants argue that the last sentence of Section 163.10(e)(4), stating that "[c]ompensation received as settlement of a claim exclusive of lost wages, shall become the property of the claimant," applies to claims other than workers' compensation.

The clause is ambiguous. On the one hand, its failure to affirmatively direct reimbursement where lost wages are received from sources other than workers' compensation suggests that the second sentence merely relates back to the first. On the other hand, workers' compensation benefits are generally not referred to as "compensation received as settlement of a claim," and they are not referred to as such in the first sentence, suggesting appellants' interpretation.

Section 1.01(b) of the Youngstown City Ordinances provides:

"Unless otherwise provided herein, or by law or implication required, the same rules of construction, definition and application shall govern the interpretation of this code as those governing the interpretation of the Revised Code of Ohio."

R.C. 1.49 provides:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"(A) The object sought to be obtained;
"* * *

"(F) The administrative construction of the statute."

In view of the fact that Section 163.10 requires reimbursement at all, we find that its purpose is to pay employees for time lost due to injuries received on duty only to the extent that such wages are not received from other sources. Injured-on-duty status also permits an employee to earn sick leave

and certain vacation leave during the tenure of such status. Thus, benefits accrue to the employee even where the wages paid are reimbursed.

Section 163.10 has, since its enactment, been interpreted by the city to require reimbursement in the event the employee receives a settlement or judgment from a third party for lost wages. The city's Risk Management Division has required the completion of Form YSC-8 (the assignment appellee refused to sign) when an employee loses time due to injuries received in a motor vehicle accident, and has notified the various departments periodically of its necessity.

Considering the object of the ordinance and its administrative interpretation, we construe Section 163.10(e)(4) to require reimbursement if the employee receives lost wages from a source other than workers' compensation.

Accordingly, the judgment of the court of appeals is reversed and the writ is denied.

*Judgment reversed*
*and writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. The decision of the court in this case is based upon a strained interpretation of Section 163.10 of the Youngstown City Ordinances. For the following reasons I find such interpretation of Section 163.10 to be improper. Therefore, I dissent.

The only issue present before this court is whether Section 163.10(e)(4) requires an injured employee to assign lost wages recoverable from a third party to the city before he can obtain "injured-on-duty" leave from the city. Section 163.10(e)(4) reads:

"Any compensation received by an employee from the Ohio Bureau of Workers' Compensation as are reimbursement for wages for a period the employee was carried on injured-on-duty status shall be paid over to the Treasury of the City. Compensation received as settlement of a claim exclusive of lost wages, shall become the property of the claimant."

This subsection is clear on its face. It requires an injured municipal employee to pay over to the city any compensation received from the Bureau of Workers' Compensation attributable to lost wages. It makes no mention of the benefits derived from any actions against third parties. If the city had intended for lost wages recovered from employees in actions against third parties to be payable to the treasury, Section 163.10 could have so required. It does not.

The court, however, strains to find the second sentence of subsection

(e)(4) to include all claims other than workers' compensation claims. This interpretation is improper. Courts should not read terms into statutory sections in an attempt to determine legislative intent. See *Columbus-Suburban Coach Lines* v. *Pub. Util. Comm.* (1969), 20 Ohio St. 2d 125 [49 O.O.2d 445].

I would, therefore, affirm the decision of the court of appeals allowing the writ and giving the plain interpretation to Section 163.10(e)(4) as required by its very terms.