OPINION
Plaintiff-appellant, Barbara Patridge ("Patridge"), appeals a decision of the Brown County Court of Common Pleas, Domestic Relations Division, which settled property issues in her divorce action against defendant-appellee, William Matthews ("Matthews").
Patridge and Matthews were married on July 21, 1989. Patridge filed a complaint for divorce on June 19, 1997. A hearing was held before a magistrate on July 6, 1997. The magistrate issued a decision on August 3, 1998, resolving various property matters in the divorce action. Matthews filed objections to the magistrate's decision on August 17, 1998. A judgment entry of divorce signed by the magistrate and adopted by the trial court was filed on November 17, 1998. Matthews filed objections to the approval of the judgment entry on December 7, 1998. The trial court considered the objections, and on March 14, 2000 issued a decision affirming the objections in part and denying them in part. Patridge appeals from this decision of the trial court and raises six assignments of error.
 Assignment of Error No. 1: THE TRIAL COURT ERRED IN FAILING TO ADOPT THE MAGISTRATE'S DECISION FINDING THE PARTIES STIPULATED THAT THE VINE STREET PROPERTY WAS MARITAL.
The magistrate found that property owned by the parties on Vine Street was a gift from Matthews' parents. The property was deeded to the parties by Matthews' parents, who continued to reside in the residence on the property. The magistrate stated in his decision that the parties stipulated that the property was marital. The trial court, however, found that the property was transferred to the parties by Matthews' parents in order to avoid probate and awarded the property to Matthews. The trial court ordered a setoff in the amount of $6,500 to Patridge, representing one-half of the amount of money the parties invested in the property.
In her first assignment of error, Patridge contends that the trial court abused its discretion by failing to adopt the magistrate's findings on the Vine Street property. She argues that the trial court abused its discretion in making its finding because the magistrate found that the parties stipulated that the property was marital.
The trial court is vested with broad discretion in dividing the marital assets. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401. A reviewing court will not disturb that decision absent an abuse of discretion. Id. Abuse of discretion is more than an error in judgment; it means that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Although the magistrate's decision states that the parties stipulated that the property was marital, the record does not support such a finding. Patridge relies on a portion of the final argument by Matthews' counsel to support her argument that there was a stipulation. In final argument, Matthews' counsel argued that the original value of the property should be considered a pre-marital interest and that the transaction should not be looked at as marital because the transfer was made to avoid probate. Counsel argued that the only portion of the property which could be considered marital was the difference between the original value of the property and the current value. This statement is far from a stipulation that the property was marital.
Because there is no support in the record for the magistrate's statement that the parties stipulated that the property was marital, the trial court did not abuse its discretion by failing to adopt the magistrate's decision. Appellant's first assignment of error is overruled.
 Assignment of Error No. 2: THE TRIAL COURT ERRED IN FAILING TO GIVE PROPER DEFERENCE AND WEIGHT TO THE MAGISTRATE'S FINDINGS.
In her second assignment of error, Patridge contends that the trial court should have considered the fact that the magistrate presided over many hours of testimony, and was able to view and judge the witnesses and their gestures and voice inflections to render a decision.
Patridge's reliance on Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 10, to support her argument is misplaced. That case provides the proper standard for an appellate court to follow when reviewing a trial court's decision, not the standard a trial court should use when reviewing a magistrate's decision.
Instead, Civ.R. 53(E)(4)(b) provides that when a party files objections to a magistrate's decision, "[t]he court may adopt, reject, or modify the magistrate's decision; hear additional evidence; recommit the matter to the magistrate with instructions, or hear the matter." A trial court has ultimate authority and responsibility over a magistrate's findings and rulings. Hartt v. Munobe (1993), 67 Ohio St.3d 3, 5. "As the ultimate factfinder, the trial court judge decides `whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate].'" Kubin v. Kubin
(Sept. 18, 2000), Clermont App. No. CA99-12-120, unreported, at 4-5, quoting Inman v. Inman (1995), 101 Ohio App.3d 115, 118.
Since the trial court was not required to give deference and weight to the magistrate's decision, Patridge's assignment of error is without merit. We note that Patridge also argues that the trial court did not review a full transcript. However, the trial court reviewed the full transcript of the July 6, 1998 hearing at which the various property matters were discussed. Patridge argues that the trial court was not provided a copy of an earlier hearing on August 29, 1997. Although the attorneys may have referred to evidence in the prior hearing, the issues at that hearing were different. At the earlier hearing, the issues involved a motion for temporary spousal support, interim attorney fees and a motion to vacate temporary orders. Matthews properly provided the trial court with the transcript of the evidence presented on the property issues. See Civ.R. 53(E)(2)(b). If Patridge wanted the trial court to review the transcript of an earlier hearing when making its decision on the property issues, it was incumbent upon her to file the transcript. The second assignment of error is overruled.
 Assignment of Error No. 3: THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE FINANCIAL MISCONDUCT OF A PARTY IN DISTRIBUTING THE ASSETS AND DEBTS OF THE MARRIAGE.
Civ.R. 53(E)(3)(b), states "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." If a party fails to object to a conclusion of law or finding of fact issued by a magistrate, pursuant to Civ.R. 53(E)(3), the party is precluded from then raising the issues for the first time on appeal. See, e.g.,Harbeitner v. Harbeitner (1994), 94 Ohio App.3d 485; Waltimire v.Waltimire (1989), 55 Ohio App.3d 275.
The issue of financial misconduct was not argued before the magistrate and was not addressed in the magistrate's written decision. If Patridge wanted the trial court to consider the issue of financial misconduct, it was incumbent upon her to raise it in an objection to the magistrate's decision or in her response to Matthews' objections. However, the issue was not argued in any form before the trial court or the magistrate and cannot be considered on appeal for the first time. Appellant's third assignment of error is overruled.
 Assignment of Error No. 4: THE TRIAL COURT ERRED IN FAILING TO AWARD THE PREMARITAL/SEPARATE PROPERTY TO APPELLANT.
 Assignment of Error No. 5: THE TRIAL COURT ERRED IN AWARDING AN EQUAL DIVISION RATHER THAN AN EQUITABLE DIVISION OF THE PROPERTY.
Patridge contends that the trial court erred by finding that the parties' pension and investment accounts were marital property and then by dividing the assets of the accounts equally.
The magistrate found that the parties had some accounts in their individual names, and some accounts in their joint names. The magistrate awarded each party the accounts in his/her individual name and equally divided the accounts which were held jointly. However, after reviewing the evidence, the trial court found that the pension and investment accounts were marital property. The trial court awarded Patridge a setoff in the amount of $8,881.31 as premarital property for the amount she had in an account before the marriage. The accounts were then divided equally between the parties.
Patridge objects to this portion of the trial court's decision on various grounds. However, the trial court did not abuse its discretion in the classification or division of the parties' property. R.C. 3105.171(B) and (D) require the court to classify assets as marital or nonmarital and then award each spouse his or her own separate property. The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. Yeary v. Yeary (May 22, 2000), Brown App. No. CA99-07-023, unreported.
After the trial court has classified property as separate or marital, it has broad discretion to effect an equitable and fair division of the marital estate. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 421. R.C.3105.171(C)(1) provides that the division of marital property should be equal unless an equal division would be inequitable. The trial court is required to consider the relevant factors in R.C. 3105.171(F), as well as any other factor it finds relevant to an equitable distribution. R.C.3105.171(F)(9).
The trial court properly began with the assumption that the property was marital. The court noted that with the exception of the $8,881.31 that Patridge established was her separate property prior to the marriage, the remainder of the funds were earned after the marriage. The record does not support a finding that these accounts should be classified as separate property simply because they were in Patridge's name. Holding title to property in the name of one spouse individually or in the names of both spouses does not determine whether that property is marital or separate. R.C. 3105.171(H). The trial court did abuse its discretion by finding the accounts were marital property.
Likewise, the court's equal division of the property was not an abuse of discretion. The trial court correctly started with the assumption that the property should be divided equally, and Patridge did not advance any compelling argument regarding why an unequal division of the property would have been equitable. Patridge's arguments regarding passive interest are without merit because the issue was not raised or argued either before the magistrate or before the trial court and the record contains no evidence upon which to make such a determination. Appellant's fourth and fifth assignments of error are overruled.
 Assignment of Error No. 6:
THE TRIAL COURT ERRED IN FAILING TO SET OFF MORTGAGE PAYMENTS.
The magistrate found the parties' residence was marital property. The magistrate divided the property, set off Patridge's premarital interest and credited her with mortgage payments she made on the property after the parties' separation. After reviewing the evidence, the trial court found that Patridge was not entitled to a setoff for payments she made on the marital residence.
At the time the divorce proceedings were initiated, Patridge had Matthews served with an ex parte order evicting him from the marital residence. Matthews rented an apartment in Cincinnati, and Patridge continued to live in the marital residence. Thus, Patridge had the benefit of living in the house, while Matthews did not. Accordingly, we find that the trial court did not abuse its discretion by not allowing a setoff to Patridge for the mortgage payments. Appellant's sixth assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.